IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

LANCE ADDISON, STEVEN R. SCHUYLER, )
And PATRICIA FITZHARRIS, )
)
Plaintiffs, )
)
v. ) Cause No. 01-CV-776 PAM/RLE
)
EVEREST CONNECTIONS CORPORATION, )
EVEREST GLOBAL TECHNOLOGIES, LLC, )
And UTIL CORP UNITED, INC., )
)
Defendants. )

**STIPULATED PROTECTIVE ORDER FOR CONFIDENTIAL DOCUMENTS**

WHEREAS, it is anticipated that the parties shall be producing large volumes of documents during the discovery phase of this litigation;

WHEREAS, it is anticipated that large portions of those documents will be regarded as proprietary and confidential by the party producing them; and

WHEREAS, it is anticipated that pleadings and discovery papers in this matter, may include reference to documents regarded as confidential and proprietary to the party producing them or otherwise refer to confidential and proprietary information; and

WHEREAS, the parties are agreed that no disclosure of such proprietary and confidential documents should occur except as necessary for the purposes of this litigation; and

WHEREAS, the protection stipulated to by the parties is the most appropriate means for protecting the fairness of the judicial and discovery process; and

WHEREAS, the Federal Rules of Civil Procedure provide for entry of a protective order such as is contained here:

IT IS AGREED by and among the parties as follows:



FILED SEP 09 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD________
DEPUTY CLERK________

1. This Order shall govern all documents produced to any party in this action.

2. All such documents shall, without the necessity of further designation, be treated as confidential during the pendency of this action. (Hereinafter all documents subject to this Order shall be referred to as "confidential documents.") Confidential documents shall be used by the parties solely for the purposes of this litigation and not for any other purpose. Control and distribution of all discovery material covered by this Order shall be the responsibility of the attorneys of record.

3. No party shall disclose confidential documents or information derived from such documents to any person except as provided in this Order. Confidential documents and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purpose of conducting this litigation:

a. Counsel, whether or not employees of any party, representing any party in this litigation and their employees;

b. Any person retained by counsel described in paragraph 3(a) to assist in the preparation and trial of this litigation, including experts and paralegals;

c. Any director, officer, or employee of any party who is either required by such party or requested by counsel to work directly on this litigation, provided, however, that confidential documents and information shall be disclosed to the individual only to the extent necessary to perform such work;

d. Any person of whom testimony is taken or is to be taken in this action, provided, however, that confidential documents and information can be disclosed to such persons only in preparation for, review of, or in the

course of his or her testimony and that such person not retain such confidential documents or information after his or her testimony is concluded;

e. The author and address of the documents;

f. The Court and any persons employed by it working on this litigation; and

g. Deposition reporters.

4. Each person to whom disclosure of confidential documents and information is permitted by the parties pursuant to paragraphs 3(b) and through 3(c) above shall be made aware of the provisions of this Order and shall be informed that they:

a. are bound thereby;

b. may not use such document or information for any purpose other than in connection with the prosecution or defense of this action;

c. may not reveal such document or information to any person other than a person who has received a copy of this Order and is subject to its provisions; and

d. must, upon termination of his or her connection with this action, return such document or information to the counsel who disclosed it in the first instance.

5. Portions of any discovery materials and any papers filed with the Court in this case which include or make reference to confidential documents, shall be considered as confidential documents governed by the terms of this Order.

6. Any party may designate (i) portions of any deposition in which it defended the witness and (ii) and discovery materials which it generates or any other papers which it files with the Court in this case, as confidential documents governed by the terms of this Order.

7. Pages of any document referred to in paragraphs 5 and 6 of this Order shall be stamped "confidential" or otherwise marked so as to establish that they are protected from disclosure pursuant to this Order.

8. The admissibility, confidentiality, and use of all confidential documents at trial shall be subject to further order of the Court.

9. Within 90 days of the conclusion of this matter as to all parties, each confidential document, including all copies of each document and all excerpts or summaries of them, shall be returned to the party that produced them or, at the request of the producing party, destroyed.

10 Upon a request from a party which has inadvertently produced any document which it believes may be subject to the attorney-client privilege or any other privilege, any party receiving the document shall immediately return it to the producing party. Nothing in this Order shall prevent the discovering party from preparing a record for his or her own use containing the date, author, addresses, and topic of the document and such other information reasonably necessary to identify the document and describe its nature to the Court in any motion to compel the document's production. Such a record of the identity and nature of a document may not be used for any other purpose other than preparation of such a motion to compel in this matter.

11. Nothing in this Order shall prevent a party from any use of his or her own confidential documents.

12. The terms of this Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

August 20, 2002

AGREED:

FREDRIKSON & BYRON, P.A.

By: ______________________
Steven Z. Kaplan
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
Attorneys for Plaintiffs

BLACKWELL SANDERS PEPER MARTIN LLP

By: ______________________
Terry L. Potter
Christopher T. Berg
720 Olive Street, Suite 2400
St. Louis, MO 63101
(314) 345-6000
(314) 345-6060
and
MOSS & BARNETT
David P. Jendrzejek, Bar No. 49888
4800 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN 55402-4129
(612) 347-0300
(612) 339-6686
Attorneys for Defendants

SO ORDERED:

______________________
Judge

Sept. 6, 2002

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA
OFFICE OF THE CLERK

316 N. ROBERT ST., RM. 700
ST. PAUL, MN 55101

300 S. FOURTH ST., RM 202
MINNEAPOLIS, MN 55415

417 FEDERAL BLDG, 515 W. FIRST ST.
DULUTH, MN 55802

# Clerk's Notice In Re: Protective Order

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.